UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| MEGAN McGRAW | ) |
| Plaintiff | ) |
| V. | ) |
| FIELDS CORNER PLATE GLASS INC., d/b/a FIELDS CORNER GLASS, FIELDS CORNER AUTO GLASS, and FIELDS CORNER AUTO & PLATE GLASS, and RUSSELL TARDANICO | ) |
| Defendants | ) |

05-10916R

## COMPLAINT AND JURY CLAIM

NOW COMES Megan McGraw, Plaintiff in the above-entitled action, and hereby states as follows:

### STATEMENT OF SUBJECT MATTER JURISDICTION

1.  This is a civil rights action based on unlawful sexual harassment by an employer and its owner and manager against their employee.

2.  The unlawful practices include sexual harassment by the employer's owner, manager and supervisor against its employee, in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.

3.  The unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

4.  This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 2000e-5(f)(3).

5.  This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. 1331.

6.  Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

7.  The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

8.  The Plaintiff in this action is Megan McGraw, a United States citizen now or formerly residing at 374 High Street, Hanson, Plymouth County, Massachusetts.

9.  Defendant Fields Corner Plate Glass Inc., does business as Fields Corner Glass, Fields Corner Auto Glass, and Fields Corner Auto & Plate Glass (hereinafter referred to as "Fields Corner") and is a Massachusetts corporation registered and doing business in the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1377 Dorchester Ave, Dorchester, Suffolk County, Massachusetts.

10. Defendant, Fields Corner, is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, which at all times relevant to this Complaint had more than fifteen employees.

11. Defendant, Russell Tardanico (hereinafter referred to as "Tardanico") is an individual, now or formerly of 2001 Marina Drive, Quincy, Norfolk County, Massachusetts.

12. At all times relevant to this Complaint, Plaintiff was an employee of Defendant Fields Corner.

13. At all times relevant to this Complaint, Defendant Tardanico was owner, manager and president of Defendant Fields Corner.

14. At all times relevant to this Complaint, Defendant Tardanico had supervisory authority over Plaintiff.

## FACTS COMMON TO ALL COUNTS

15. Plaintiff, a female, is a member of a class of people protected under Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.

16. Plaintiff, a female, is a member of the class of people protected under Massachusetts General Laws Chapter 151B Section 1, et seq.

17. At all times during her employment with Defendant Fields Corner, Plaintiff was qualified for the position of sales person.

18. At all times relevant to this complaint, Defendants had the duty to provide the plaintiff with a work environment free of unwelcome sexual conduct.

19. At all times relevant to this complaint, Defendant Tardanico was Plaintiff's manager and supervisor.

20. Over the course of approximately three and one-half months, Defendant Tardanico did subject Plaintiff to unlawful and unwelcome sexual harassment.

21. Defendant Tardanico's unwelcome verbal and physical conduct of a sexual nature was continuing throughout the plaintiff's employment with the defendants and was severe and pervasive.

22. Plaintiff did complain to Tardanico about his unwelcome and unlawful sexual harassment and repeatedly asked him to cease his sexual harassment on numerous occasions.

23. Defendant Fields Corner knew or should have known about Tardanico's unlawful conduct.

24. Defendant Fields Corner, as the plaintiff's employer, failed to adequately respond to Plaintiff's complaints of Tardanico's unwelcome and unlawful sexual harassment and failed to take the reasonable measures necessary to stop Tardanico's unlawful sexual harassment.

25. Defendant Fields Corner is strictly liable for its manager, owner and president Tardanico's unlawful sexual harassment of Plaintiff.

26. Defendants Fields Corner and/or Tardanico's sexual harassment included but was not limited to the following:

   a. various and diverse incidents of sexual harassment;

   b. creation of an environment where sexual harassment was tolerated;

   c. failure to respond to Plaintiff's complaints of sexual harassment;

   d. failure to act while having direct and actual knowledge of sexual harassment by a manager against his subordinate employee;

   e. repeated and continued unwelcome sexual advances against Plaintiff;

   f. repeated comments of a sexual nature about the plaintiff's appearance and body;

   g. publicizing and portraying a false and/or imagined romantic relationship with the plaintiff;

   h. unwanted physical contact of a sexual or romantic nature;

   i. staring at the plaintiff and her body, in a sexual manner;

   j. unwanted and repeated expressions of romantic interest in the work place;

   k. repeated and unwanted requests to socialize;

l. retaliatory conduct for the plaintiff's refusal to socialize or engage in a romantic relationship with Tardanico;

m. humiliating behavior designed to publicly portray the plaintiff as a prostitute;

n. humiliating and threatening verbal conduct of a sexual nature; and

o. creation of an abusive environment by verbal and physical conduct of a sexual nature which unreasonably interfered with Plaintiff's employment, created an intimidating, hostile, humiliating and sexually offensive environment.

27. Defendants' unwelcome sexual conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's work performance.

28. Defendants' conduct created an intimidating, hostile and offensive working environment.

29. Defendants' conduct was subjectively offensive to the plaintiff;

30. Defendants' conduct was objectively offensive to a reasonable woman in the work force;

31. Defendants' unlawful sexual harassment altered the terms and conditions of Plaintiff's employment.

32. Defendants terminated the plaintiff because of and in retaliation for plaintiff's refusal to engage in a romantic relationship with Tardanico;

33. At all times relevant to this Complaint, Plaintiff was qualified to perform all duties and responsibilities of her trade and was qualified for employment.

34. On or about May 24, 2004, Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunity Commission.

35. In the complaint and charge that the plaintiff filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunity Commission, Plaintiff alleged that Fields Corner and Tardanico subjected her to unlawful sexual harassment.

36. Pursuant to its work-sharing agreement with the Equal Employment Opportunity Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's Complaint of sexual harassment against Defendants Fields Corner and Tardanico, and afforded the defendants the opportunity to conciliate the matter.

37. The Massachusetts Commission Against Discrimination granted Plaintiff's request to remove her case and to file the instant civil action.

38. On or about February 10, 2005, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action.

## COUNT I – SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e
### Megan McGraw v. Fields Corner

39. Plaintiff restates, realleges and incorporates by reference herein allegations one through thirty-eight of this Complaint.

40. Defendant in this Count is Fields Corner, a domestic for profit corporation organized and/or doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1377 Dorchester Ave, Dorchester, Suffolk County, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

41. Defendant Fields Corner is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1.

42. Defendant's conduct, as alleged in allegations one through thirty eight of Plaintiff's Complaint, constitutes unlawful gender discrimination in the form of sexual harassment and violated of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.

43. Defendant is liable for its failure to respond to its direct knowledge and to Plaintiff's reports of unlawful, unwelcome sexual harassment and by its manager, agent, and owner.

44. As a direct and proximate result of Defendant's unlawful sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq., Plaintiff, Megan McGraw, has suffered emotional distress, anguish of mind, has incurred substantial loss of wages, earnings, salary, fringe benefits and earning capacity, and has suffered, and will continue to suffer, other damages as she will show at trial.

45. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, which was cross-filed with the Equal Employment Opportunity Commission, alleging that Defendant unlawfully sexually harassed her in the context of her employment.

46. Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunity Commission of her intention to file this Complaint and to seek relief in this Court.

47. The Equal Employment Opportunity Commission has issued Plaintiff a Notice of her Right To Sue that authorizes Plaintiff to bring this private civil action against Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

    a.    Declare that this Defendant's conduct violated Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq.;

    b.    Enjoin this Defendant from subjecting Plaintiff to sexual harassment;

c. Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce sexual harassment;

d. Award Plaintiff compensatory damages in an amount of $1,000,000.00;

e. Award Plaintiff punitive damages;

f. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

g. Issue such other relief as the Court deems just and proper.

## COUNT II– SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B, § 4
### Megan McGraw v. Fields Corner

48. Plaintiff restates, realleges and incorporates by reference herein allegations one through forty-seven of this Complaint.

49. Defendant in this Count is Fields Corner, a domestic for profit corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts, now or formerly having a usual place of business located at 1377 Dorchester Ave, Dorchester, Suffolk County, Massachusetts, which at all times relevant to this Complaint had more than six employees.

50. Defendant Fields Corner is an employer as defined by Massachusetts General Laws Chapter 151B, § 1.

51. Defendant's conduct, as alleged in allegations one through forty-seven of Plaintiff's Complaint, constitutes unlawful sexual harassment, in violation of Massachusetts General Laws Chapter 151B, § 4.

52. Defendant is strictly liable for the unlawful, unwelcome, sexual harassment and against Plaintiff by its owner, manager and president, Tardanico, who was Plaintiff's direct supervisor.

53. Defendant's conduct as alleged in paragraphs one through forty-seven created a work environment impermissibly and unreasonably hostile.

54. A reasonable person in Plaintiff's position would have found the work environment created by Defendant unreasonably hostile.

55. The defendants terminated the plaintiff's employment because of and in retaliation for the plaintiff's refusal to engage in a romantic relationship with the defendant Tardanico.

56. As a direct and proximate result of Defendant's unlawful sexual harassment and retaliation in violation of Massachusetts General Laws Chapter 151B, § 4, Plaintiff, Megan McGraw, has suffered emotional distress, anguish of mind, has incurred substantial loss of wages, earnings, salary, fringe benefits and earning capacity, and has suffered, and will continue to suffer, other damages as she will show at trial.

57. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, § 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her in the context of her employment.

58. More than ninety days have passed since Plaintiff filed a Complaint of sexual harassment with the Massachusetts Commission Against Discrimination.

59. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

60. Massachusetts General Laws Chapter 151B, § 9 authorizes Plaintiff to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 151B, § 4, as amended;

9

b.  Enjoin this Defendant from subjecting Plaintiff to sexual harassment;

c.  Issue a mandatory injunction compelling Defendant to provide training to its agents, employees, and officers designed to eliminate, prevent and reduce sexual harassment;

d.  Award Plaintiff compensatory damages in an amount of $1,000,000.00;

e.  Award Plaintiff punitive damages;

f.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

g.  Issue such other relief as the Court deems just and proper.

### COUNT III – SEXUAL HARASSMENT IN VIOLATION OF M.G.L. CHAPTER 151B, § 4
### Megan McGraw v. Russell Tardanico

61. Plaintiff restates, realleges and incorporates by reference herein allegations one through sixty of this Complaint.

62. Defendant in this Count, Russell Tardanico, is an individual, now or formerly of 2001 Marina Drive, Quincy, Norfolk County, Massachusetts.

63. Defendant's conduct, as alleged in allegations one through sixty of Plaintiff's Complaint, constitutes unlawful sexual harassment in violation of Massachusetts General Laws Chapter 151B, § 4.

64. Defendant interfered with the plaintiff's right to be free from unlawful sexual harassment.

65. Defendant retaliated against the plaintiff for her refusal to engage in a romantic relationship with him or to otherwise tolerate his sexual harassment.

66. As a direct and proximate result of Defendant's unlawful sexual harassment, and unlawful violation of Plaintiff's right to be free from sexual harassment and, secured in Massachusetts General Laws Chapter 151B, § 4, Plaintiff, Megan McGraw, has suffered

emotional distress, anguish of mind, has incurred substantial loss of wages, earnings, salary, fringe benefits and earning capacity, and has suffered, and will continue to suffer, other damages as she will show at trial.

67. Plaintiff duly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her and otherwise violated her rights under M.G.L. Chapter 151B, § 1, et seq. and M.G.L. Chapter 214, § 1C, in the context of her employment with Defendant Fields Corner.

68. More than ninety days have passed since Plaintiff filed a Complaint of sexual harassment with the Massachusetts Commission Against Discrimination.

69. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4;

b. Enjoin this Defendant from sexually harassing the plaintiff;

c. Award Plaintiff compensatory in the amount of $1,000,000.00;

d. Award the plaintiff punitive damages;

e. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

f. Issue such other relief as the Court deems just and proper.

## COUNT IV – SEXUAL HARASSMENT IN VIOLATION OF
## M.G.L. CHAPTER 214, § 1C
### Megan McGraw v. Russell Tardanico

70. Plaintiff restates, realleges and incorporates by reference herein allegations one through sixty-nine of this Complaint.

71. Defendant in this Count, Tardanico, is an individual, now or formerly of 2001 Marina Drive, Quincy, Norfolk County, Massachusetts.

72. Defendant's conduct, as alleged in allegations one through sixty-nine of Plaintiff's Complaint, constitutes unlawful sexual harassment and in violation of Massachusetts General Laws Chapter 214, § 1C.

73. Defendant's conduct, as alleged in allegations one through sixty-nine of Plaintiff's Complaint, constitutes an unlawful violation of Plaintiff's right to be free from sexual harassment in violation of Massachusetts General Laws Chapter 214, § 1C.

74. As a direct and proximate result of Defendant's unlawful sexual harassment, and unlawful violation of Plaintiff's right to be free from sexual harassment, secured in Massachusetts General Laws Chapter 214, § 1C, Plaintiff, Megan McGraw, has suffered emotional distress, anguish of mind, has incurred substantial loss of wages, earnings, salary, fringe benefits and earning capacity, and has suffered, and will continue to suffer, other damages as she will show at trial.

75. Plaintiff duly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant unlawfully sexually harassed her and otherwise violated her rights under M.G.L. Chapter 151B, § 1, et seq. and M.G.L. Chapter 214, § 1C, in the context of her employment with Defendants.

76. More than ninety days have passed since Plaintiff filed a Complaint of sexual harassment with the Massachusetts Commission Against Discrimination.

77. The Massachusetts Commission Against Discrimination has allowed Plaintiff's request to remove this matter and file this private civil action.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

   a. Declare that this Defendant's conduct violated Massachusetts General Laws Chapter 214, § 1C;

   b. Enjoin this Defendant from sexually harassing Plaintiff;

   c. Award Plaintiff compensatory in the amount of $1,000,000.00;

   d. Award the plaintiff punitive damages;

   e. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

   f. Issue such other relief as the Court deems just and proper.

### COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Megan McGraw v. Russell Tardanico

78. Plaintiff restates, realleges and incorporates by reference herein allegations one through seventy-seven of this Complaint.

79. Defendant in this Count, Tardanico, is an individual, now or formerly of 2001 Marina Drive, Quincy, Norfolk County, Massachusetts.

80. Defendant, as alleged in allegations one through seventy-seven of this Complaint, did intend to inflict emotional distress upon Plaintiff, was reckless as to the fact, and/or knew or should have known that emotional distress was the likely result of his conduct.

81. Defendant's conduct, as alleged in allegations one through seventy-seven, was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

82. Defendant's actions, as alleged in allegations one through seventy-seven, was the cause of Plaintiff's emotional distress.

83. Plaintiff's emotional distress was and is severe and of a nature that no reasonable person could be expected to endure.

84. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff, Megan McGraw, suffered severe emotional distress, and has suffered, and will continue to suffer, other damages as she will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a. Award Plaintiff compensatory damages in an amount of $1,000,000.00;

b. Award Plaintiff punitive damages;

c. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

d. Issue such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
by Plaintiff's attorneys,

_____
Sol J. Cohen
BBO # 630776
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Megan McGraw

**DEFENDANTS**
Fields Corner Plate Glass, Inc., et al

(b) County of Residence of First Listed Plaintiff: **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sol J. Cohen, Cohen & Sales, 43 Thorndike St., Cambairdge, MA 02141
(617) 621-1151

Attorneys (If Known)
05 10916

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e, the Civil Rights Act

Brief description of cause:
Unlawful sexual harassment in the workplace

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 5/3/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)__ **McGraw v. Fields Corner Plate Glass, Inc., et al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **05 - 10916RW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None.**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   N/A

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME: Sol J. Cohen, Cohen & Sales
ADDRESS: 43 Thorndike St., Cambridge, MA 02141
TELEPHONE NO.: 617-621-1151

(CategoryForm.wpd - 2/15/05)