UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAN MCGRAW, )<br>)<br>PLAINTIFF )<br>)<br>V. )<br>)<br>FIELDS CORNER PLATE GLASS )<br>INC., D/B/A FIELDS CORNER GLASS )<br>AND FIELDS CORNER AUTO & PLATE )<br>GLASS, and RUSSELL TARDANICO )<br>)<br>DEFENDANTS )<br>) | Civil Action No.: 05 10916 RW |

**ANSWER OF FIELDS CORNER PLATE GLASS INC., D/B/A FIELDS CORNER GLASS, FIELDS CORNER AUTO GLASS, AND FIELDS CORNER AUTO & PLATE GLASS**

1. The allegations contained in paragraph 1 contain conclusions of law and require no answer.

2. The allegations contained in paragraph 2 contain conclusions of law and require no answer.

3. The allegations contained in paragraph 3 contain conclusions of law and require no answer.

4. The allegations contained in paragraph 4 contain conclusions of law and require no answer.

5. The allegations contained in paragraph 5 contain conclusions of law and require no answer.

6. The allegations contained in paragraph 6 contain conclusions of law and require no answer.

7. The allegations contained in paragraph 7 contain conclusions of law and require no answer.

## PARTIES

8. Defendant Fields Corner Plate Glass Inc., d/b/a Fields Corner Glass, Fields Corner Auto Glass, and Fields Corner Auto & Plate Glass (hereinafter referred to as "Fields Corner Glass") is without sufficient knowledge to admit or deny the allegations contained in paragraph 8.

9. Fields Corner admits that it does business as Fields Corner Glass, Fields Corner Auto Glass, and Fields Corner Auto & Plate Glass and is a Massachusetts corporation registered and doing business in the Commonwealth of Massachusetts, and formerly having a usual place of business located at 1377 Dorchester Ave, Dorchester, Suffolk County, Massachusetts. By way of further answer defendant states that it now has a usual place of business at 1386 Dorchester Ave., Dorchester, MA.

10. The allegations contained in paragraph 10 contain conclusions of law and require no answer. By way of further answer defendant denies that at all times relevant to this Complaint it had more than fifteen employees.

11. Defendant admits the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 contain conclusions of law and require no answer. By way of further answer defendant denies the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

## FACTS COMMON TO ALL COUNTS

15. The allegations contained in paragraph 15 contain conclusions of law and require no answer.

16. The allegations contained in paragraph 16 contain conclusions of law and require no answer.

17. Defendant denies the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 contain conclusions of law and require no answer.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26 (a) – (o) inclusive.

27. Defendant denies the allegations contained in paragraph 27.

28. The allegations contained in paragraph 28 contain conclusions of law and require no answer. By way of further answer defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 34.

35. The document referred to in paragraph 35 speaks for itself and requires no further answer.

36. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 36.

37. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 37.

38. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 38.

## COUNT I – SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e
## Megan McGraw v. Fields Corner

39. Defendant restates, realleges and incorporates by reference herein its answers to paragraphs one through thirty-eight of this Complaint.

40. Defendant admits that it is a domestic for profit corporation organized and/or doing business under the laws of the Commonwealth of Massachusetts, formerly having a usual place of business located at 1377 Dorchester Ave., Dorchester, Suffolk County, Massachusetts. Defendant denies that at all times relevant to this Complaint it had more than fifteen employees. By way of further answer defendant states that his usual place of business is located at 1386 Dorchester Ave., Dorchester, MA.

41. The allegations contained in paragraph 41 contain conclusions of law and require no answer.

42. The allegations contained in paragraph 42 contain conclusions of law and require no answer.

43. Defendant denies the allegations contained in paragraph 43.

44. The allegations contained in paragraph 44 contain conclusions of law and require no answer. By way of further answer defendant denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 contain conclusions of law and require no answer. By way of further answer defendant states that it is without sufficient knowledge to admit or deny the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 contain conclusions of law and require no answer. By way of further answer defendant states that it is without sufficient knowledge to admit or deny the allegations contained in paragraph 46.

47. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 47.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The complaint is barred by the applicable statutes of limitations, waiver, estoppel and laches.

## THIRD AFFIRMATIVE DEFENSE

The complaint must be dismissed due to the Plaintiff's failure to exhaust all required administrative procedures.

## FOURTH AFFIRMATIVE DEFENSE

The complaint must be dismissed due to the plaintiffs' failure to comply with the statutory requirements of G.L. c. 151B, G.L. c. 93, and G.L. c. 12.

## FIFTH AFFIRMATIVE DEFENSE

The actions of the defendant were justified by the facts and circumstances of this matter.

## SIXTH AFFIRMATIVE DEFENSE

The defendant is without any legal responsibility in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages to the plaintiff were caused solely by her own actions and/or negligence.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint must be dismissed due to Plaintiff's failure to comply with all required statutory conditions precedent and subsequent.

## NINTH AFFIRMATIVE DEFENSE

The complaint must be dismissed due to lack of subject matter jurisdiction.

Respectfully submitted,

**FIELDS CORNER PLATE GLASS INC., D/B/A FIELDS CORNER GLASS, FIELDS CORNER AUTO GLASS, AND FIELDS CORNER AUTO & PLATE GLASS**

By its attorney,

*/s/ Suzanne B. Matthews*
Suzanne B Matthews, Esq.
BBO # 545284
742 Washington Street
P.O. Box 501
Canton, MA 02021
781-828-0989

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by First Class Mail.
Date: 6/15/05 */s/ Suzanne B. Matthews*

Date: June 15, 2005